UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LIN E. DAVIS,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,

    Defendants.

Civil Action No. 17-860 (UNA)

FILED
JUN 2 3 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

Pursuant to the Prison Litigation Reform Act ("PLRA"), *in forma pauperis* status does not relieve a prisoner plaintiff of his obligation to pay the filing fee in full. *Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015). Rather than "pay the full filing fee at the time he brings suit . . . he can pay the filing fee in installments over time." *Id.* (citations omitted). However, certain prisoners cannot qualify for *in forma pauperis* status under the PLRA's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* (quoting 28 U.S.C. § 1915(g)).

This plaintiff has accumulated more than three strikes. *See Davis v. State of Georgia*, No. 7:13 CV 151 (M.D. Ga. Nov. 18, 2013) (listing strikes); *see also Davis v. Prison*, No. 7:16-CV-0062, 2016 WL 4071990, at *3 (M.D. Ga. July 28, 2016) (concluding that complaint's allegations both fail to demonstrate an imminent danger of serious physical injury and fail to state a viable claim for relief, denying motion to proceed *in forma pauperis*, and dismissing

complaint without prejudice), *appeal docketed*, No. 17-11155 (11th Cir. Mar. 15, 2017); *Davis v. Thomas Cnty. Sheriff's Dep't*, No. 6:06 CV 30, 2006 WL 2567883, at *2 (M.D. Ga. Sept. 5, 2006) (revoking *in forma pauperis* status under 28 U.S.C. § 1915(g)).

Under these circumstances, plaintiff may proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court "assess[es] the alleged danger at the time [plaintiff] filed his complaint," *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420 (D.C. Cir. 2009), and in so doing "construe[s] his complaint liberally and accept[s] its allegations as true," *id.* (citing *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)). While plaintiff mentions that he has been assaulted by three guards at the Thomas County Jail, *see* Compl. at 2, he does not state when the assault occurred or demonstrate that he is in imminent danger of serious physical injury at this time.[1] Here, plaintiff faults the U.S. Department of Justice, the Attorney General of the United States, and the Federal Bureau of Investigation because none has filed criminal charges against the assailants. *See* Compl. at 2-3; Am. Compl. at 1-2.

The Court will deny plaintiff's application to proceed *in forma pauperis* and dismiss this civil action without prejudice. If plaintiff wishes to pursue his claims, he may file a new civil action and submit payment in full of the $350 filing fee.

An Order is issued separately.

DATE: June 21, 2017

_____
United States District Judge

---

[1] The assault to which plaintiff refers appears to be the subject of ongoing proceedings in the United States District Court for the Middle District of Georgia against Officers Sknee, Sampson, and Hopkins for alleged violations of the Eighth Amendment. *See* Order, *Davis v. Powell*, No. 7:16 CV 237 (M.D. Ga. filed Apr. 17, 2017)).